UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
At Nashville

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF | 3:11-00012 <br> SENIOR JUDGE WISEMAN |
| V. | |
| CHRIS YOUNG, | |
| DEFENDANT | |

### DEFENDANT CHRIS YOUNG'S MOTION TO SEVER DEFENDANTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Comes now, the Defendant, Chris Young, by and through his appointed counsel, Hallie H. McFadden, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, and hereby respectfully moves this Honorable Court for an Order granting severance from the other defendants in this matter for purposes of trial.

Federal Rule of Criminal Procedure 8(b) provides:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transaction constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Under Rule 8(b), joinder of multiple defendants is proper only if all of the offenses charged in the indictment arose out of the same series of transactions. United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir. 1977). In determining whether this standard is

met, there must be a logical connection shown between the offenses. United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999). In Sarkisian, the Ninth Circuit wrote that mere factual similarity of events will not suffice. Rather there must be some greater logical relationship between the occurrences. *Id*. At 976.

Federal Rule of Criminal Procedure 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Under Rule 14, the defendant must show that joinder of offense or defendants is so prejudicial that it outweighs the interests of judicial economy and efficiency. United States v. Douglass, 780 F.2d 1472, 1478 (9th Cir. 1986). Mr. Young asserts that joinder of the co-defendants in this case would be so prejudicial that it would prevent him from receiving a fair trial. A single joint trial of several defendants may not be had at the expense of one defendant's right to a fundamentally fair trial. United States v. Echeles, 352 F.2d 892 (7th Cir. 1965).

## Conclusion

In consideration of the foregoing, defendant respectfully requests this Honorable Court enter an Order severing the defendants in this matter for purposes of trial.

**WHEREFORE** Mr. Young respectfully prays:

    1.    That his Motion to Sever the Defendants be sustained;

2. That a hearing is conducted in order to determine the issues contained within this Motion; and

3. Any further and general relief to which Mr. Young may be entitled.

Respectfully submitted,

LAW OFFICES OF
HALLIE H. McFADDEN, P.C.

By: s/Hallie H. McFadden
Hallie H. McFadden, BPR #17185
Attorneys for Defendant
P.O. Box 546
Signal Mountain, TN 37402
TEL: (423) 362-1818

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 4, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Hallie H. McFadden