UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
At Nashville

| UNITED STATES OF AMERICA, | | |
|---|---|---|
| PLAINTIFF | \| | 3:11-CR-12 |
| | \| | JUDGE SHARP |
| V. | \| | |
| CHRIS YOUNG, | \| | |
| DEFENDANT | \| | |

**MOTION TO REVEAL STATEMENTS THE GOVERNMENT INTENDS TO USE AS CO-CONSPIRATOR STATEMENTS**

Comes the Defendant Chris Young, by and through appointed counsel, and moves the Court to require the government to reveal any statements the government intends to use as co-conspirator statements as defined by Fed.R.Evid. 801(d)(2)(E). Requiring such disclosure by the government prior to trial will enhance the efficiency of jury proceedings and permit counsel to raise challenges to the use of such statements in advance of the jury being selected. Counsel recognizes that *Bourjaily v. United States*, 483 U.S. 171 (1987) indicates that the court can consider hearsay itself and the determination is just like any other evidentiary determination. However, in the interest of judicial economy, by requiring the government to identify specifically which statements it intends to use as co-conspirator statements, it will permit the time spent at trial to be used more efficiently and with potentially fewer jury out hearings and other interruptions needed to address issues related to admissibility once trial is under way.

In support of this motion, counsel submits that the charges in this indictment include two conspiracies within the first Count and multiple substantive counts. The

charged conspiracies have different elements and consequently some different required proof. To avoid confusion of the issues before the jury, this information should be discoverable. This will permit pre-trial resolution so that a hearing, if necessary, can be conducted to determine the admissibility of the statements at issue. *See, e.g., United States v. James*, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979); and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978).

> For an out-of-court statement to be admissible under Fed. R. Evid. 801(d)(2)(E), the offering party must establish by a preponderance of the evidence that a conspiracy existed, that the defendant was a member of the conspiracy, and that the coconspirator's statement was made during the course and in furtherance of the conspiracy. See *United States v. Wilson*, 168 F.3d 916, 920 (6th Cir.1999); *United States v. Clark*, 18 F.3d 1337, 1341 (6th Cir. 1994). These findings, often referred to as Enright findings, must be made by the district court. See *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978). If the statement is admitted conditionally but the government fails to carry its burden by a preponderance of the evidence, the district court should grant a mistrial unless convinced that a cautionary instruction would shield the defendant from prejudice. See *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979).

*United States v. Kelsor*, 2011 FED App. 0317P (6th Cir.) (6th Cir. 2011), at \*\* 7 --\*\*8.

The admissibility under Fed.R.Evid 801(D)(2)(E) can determined in several ways. The Court could hold a pretrial hearing and make a ruling on admissibility following the hearing, as the Court would with an ordinary evidence issue. Appellate courts have expressed a preference for this procedure, but they also recognize that in many complex conspiracy cases, this would be tantamount to trying a case twice.

Alternatively, the Court could permit the co-conspirator hearsay to be admitted, subject to the government satisfying the preponderance of the evidence standard as the case progresses. *See, e.g., United States v. Ferra*, 900 F.2d 1057 (7th Cir. 1990)

(admitting co-conspirator hearsay statements subject to connection is not a routine but, rather, an exceptional procedure, appropriate only when the evidence on the question of conspiracy is extensive; most of the time it is better, especially because of double jeopardy problems, to make a preliminary determination rather than to decide the admissibility question on a mistrial motion).

If the decision on admissibility is deferred, there are further permutations. The Court could make the preponderance of the evidence ruling at the close of all the evidence; or at the close of the government's case. At the close of the government's case, the Court must decide whether the requisite facts have been proved by a preponderance of the evidence. If not, the conspirators' statements should not be admitted under Fed.R.Evid. 801(d)(2)(E).

If the Court defers the admissibility question and subsequently finds that the Government has not met its burden of establishing the Rule 801(d)(2)(E) requirements, then a mistrial should be declared unless it is clear that a limiting instruction will suffice to protect the defendant from the obvious prejudice arising from the jury's having already heard the inadmissible hearsay. See, *Kelsor*, supra.

Given the number of defendants to be tried at one time, the number of different conspiracies charged and asserted by recent pleadings, and the length and complexity of the case to be tried, Mr. Young respectfully submits that it would be the best expenditure of the court's resources to require the government to identify the co-conspirator statements upon which it intends to rely to allow counsel to seek a pretrial hearing on the admissibility of such statements in advance of the trial itself.

Respectfully submitted,

LAW OFFICES OF
HALLIE H. McFADDEN, P.C.

By:    s/*Hallie H. McFadden*
      Hallie H. McFadden, BPR #17185
      Attorneys for Defendant
      P.O. Box 546
      Signal Mountain, TN 37402
      TEL: (423) 362-1818

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 11, 2013, a copy of the foregoing was filed electronically, or if not registered, sent via served by regular U.S. Mail, postage prepaid to:

Sunny M. Koshy
Assistant United States Attorney
110 Ninth Avenue South
Suite A961
Nashville, TN 37203-3870

/s/ Hallie H. McFadden