**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**At Nashville**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | &#124; |
| &#124; | **3:11-00012** |
| **PLAINTIFF** &#124; | **JUDGE SHARP** |
| &#124; | |
| **V.** &#124; | |
| &#124; | |
| **CHRIS YOUNG,** &#124; | |
| &#124; | |
| **DEFENDANT** &#124; | |

## MOTION FOR SPEEDY TRIAL OR DISMISSAL OF INDICTMENT

Defendant Chris Young, by and through appointed counsel, and pursuant to 18 U.S.C. §§3161 *et. seq.* and respectfully invokes his right to a speedy trial.  In support of his motion the Defendant would show as follows:

1.      Mr. Young made his initial appearance in this Court on or about December 13, 2010, and has been detained since that time.

2.      Mr. Young is charged in Count 1 of the six count indictment in thismatter.

3.      Mr. Young initially moved to have his original counsel withdraw in February 2011.  That motion was denied.  Upon motion of several Defendants, the Court extended the deadline for filing pretrial motions to May 2011, which was subsequently extended to July 2011, with a trial date in August 2011.

4.      A number of pre-trial motions were filed, and the trial date was extended until June 2012.

5.      In February 2012, Mr. Young's original counsel moved to withdraw and that motion was granted.  Current counsel was appointed and made an

1

appearance on February 28, 2012.

6. In March 2012, Counsel for Mr. Young moved to continue deadlines. The Court extended the time to file pre-trial motions, but did not extend the trial date.

7. At a status conference in March, the Court continued the trial date to Sept 2012 as to all defendants. In May, 2012, the Defendants filed a Motion to Suppress, which was joined by Mr. Young. In July 2012, the Court denied the Motion to Suppress.

8. In August 2012, Mr. Young, by and through counsel, filed a second Motion to Continue the trial date as the then existing trial date conflicted with a religious holiday, among other reasons. The Court granted that motion and set the current trial date of April 23, 2013, along with several other defendants.

9. As of April 2013, Mr. Young will have been in custody for almost 2 and one half years without having had a trial.

10. While Mr. Young concedes that some of the delay can be attributable to him and his counsel, any delay beyond the April 23, 2013, date should not be attributable to him. Any delay beyond the April 23, 2013 trial date violates Mr. Young's right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and Rule 48(b) of the Federal Rules of Criminal Procedure.

11. The remedy for a violation of a defendant's constitutional right to a speedy

trial is dismissal of the indictment with prejudice. *U.S. v. Jackson*, 473

F.3d 660, 664 (6th Cir. 2007);

WHEREFORE, the Defendant respectfully requests this Court begin Mr. Young's

trial as currently scheduled on April 23, 2013, or to dismiss the indictment against him

with prejudice.

Respectfully submitted,

LAW OFFICES OF
HALLIE H. McFADDEN, P.C.

By:     s/Hallie H. McFadden
        Hallie H. McFadden, BPR #17185
        Attorneys for Defendant
        P.O. Box 546
        Signal Mountain, TN  37402
        TEL: (423) 362-1818

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 11, 2013, a copy of the foregoing was filed electronically, or if not registered, sent via served by regular U.S. Mail, postage prepaid to:

Sunny M. Koshy
Assistant United States Attorney
110 Ninth Avenue South
Suite A961
Nashville, TN 37203-3870

/s/ Hallie H. McFadden

3